UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-CR-00221-MOC-DCK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **MICHAEL ALLEN DUKE,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on defendant's Motion for Judgment of Acquittal (#350) and Motion for a New Trial (#351).

Federal Rule of Criminal Procedure 29(c)(2) provides that, when a jury returns a guilty verdict, "the court may set aside the verdict and enter an acquittal." In doing so, the defendant who challenges the sufficiency of the evidence "bears a heavy burden." United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997) (citations and quotations omitted). Such reversal is "reserved for the rare case 'where the prosecution's failure is clear.'" Id. (quoting Burks v. United States, 437 U.S. 1, 17 (1978)). In reviewing the sufficiency of the evidence, the court "is to construe the evidence in the light most favorable to the government, assuming its credibility, and drawing all favorable inferences from it, and will sustain the jury's verdict if any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt." United States v. Penniegraft, 641 F.3d 566, 571 (4th Cir. 2011). "If there is substantial evidence to support the verdict, after viewing all of the evidence and the inferences therefrom in the light most favorable to the Government," the Rule 29 motion must be denied. United States v. Murphy, 35 F.3d 143, 148 (4th Cir. 1994) cert. denied, 513 U.S. 1135 (1985). "Substantial evidence" is defined as

"evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilty beyond a reasonable doubt." United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc); United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005). In evaluating the evidence, the Court "cannot make [its] own credibility determinations but must assume that the jury resolved all contradictions in testimony in favor of the Government." United States v. United Med. & Surgical Supply Corp., 989 F.2d 1390, 1402 (4th Cir. 1993); United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997) (holding that credibility determinations are reserved for the jury, and if different interpretations exist, the jury decides which to believe). Finally, evidence is reviewed "in its totality, not in isolation, and the government need not negate every possible theory of innocence." United States v. Cote, 544 F.3d 88, 98 (2d Cir. 2008). Here, the Court finds that, after reviewing the evidence and inferences in the light most favorable to the government, the evidence was substantial and sufficient for a rational finder of fact to find the elements of the crimes of conviction beyond a reasonable doubt.

Pursuant to Fed. R. Crim. P. 33, a court may also "vacate any judgment and grant a new trial if the interest of justice so requires." Id. When ruling on a motion for a new trial, the district court is not constrained to view the evidence in the light most favorable to the government, and the court may evaluate the credibility of the witnesses. United States v. Arrington, 757 F.2d 1484, 1485 (4th Cir.1985). However, the district court must show deference to the jury's verdict and should grant a new trial only "[w]hen the evidence weighs so heavily against the verdict that it would be unjust to enter judgment." Id. The Fourth Circuit has held that "a trial court should exercise its discretion to award a new trial sparingly and a jury verdict is not to be overturned except in the rare circumstance when the evidence weighs heavily against it." United States v. Smith, 451 F.3d 209, 216-17 (4th Cir. 2006). The Court finds that this case does not present one

of the rare circumstances when the evidence weighs so heavily against the jury verdict as to warrant a new trial. United States v. Smith, 451 F.3d 209, 216-17 (4th Cir. 2006). Indeed, even when the Court considers *de novo* the credibility of the witnesses and does not view the evidence in a light most favorable to the government, the evidence presented still *fully* supports the reasoned verdict of the jury.

## ORDER

**IT IS, THEREFORE, ORDERED** that on defendant's Motion for Judgment of Acquittal (#350) and Motion for a New Trial (#351).defendant's Motion for a New Trial (#83) are **DENIED**.

Signed: March 7, 2019

Max O. Cogburn Jr.
United States District Judge