# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:16-cr-221-MOC-DCK-7

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) **ORDER** |
| | ) |
| MICHAEL ALLEN DUKE, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER** is before the Court on the defendant's Motion for Reconsideration, (Doc. No. 363), of this Court's prior Order denying the defendant's motion for acquittal and motion for new trial.

## I. BACKGROUND

On January 30, 2019, a jury found the defendant Michael Allen Duke guilty of conspiracy to commit mail and wire fraud, mail fraud, wire fraud, and money laundering. (Doc. No. 338). On February 20, 2019, the defendant filed a motion for acquittal and motion for new trial under Rules 29(c) and Rule 33 of the Federal Rules of Criminal Procedure. (Doc. Nos. 350, 351). On March 7, 2019, the Court entered an order denying the defendant's Rule 29(c) and Rule 33 motions. (Doc. No. 360). In its order, the Court articulated and applied the same standards set forth by the parties in their respective briefs, including that a court should overturn a jury verdict and grant a new trial only in the rare circumstance where the "interest of justice" so requires. (Id. at 2). On March 19, 2019, the defendant filed the pending motion for reconsideration, in which he requested to be allowed to file a reply. (Doc. No. 363). On March 26, 2019, the Government filed its brief in opposition. (Doc. No. 364).

The defendant argues in his motion for reconsideration that, in denying the defendant's

1

motion for acquittal and motion for new trial, this Court neglected to consider the defendant's legal arguments raised in those motions. (Doc. No. 363 at 3). Specifically, the defendant contends that the Court overlooked the following three arguments: (i) the Court erred in denying his motion to sever; (ii) the Court gave three improper jury instructions; and (iii) the Court erred in reopening the evidence to allow the Government to enter stipulations previously agreed on and signed by the parties and filed in the record. (Id.). The defendant argues that the Court's failure to address these legal arguments presented in his motion for acquittal and motion for new trial constituted a miscarriage of justice warranting reconsideration. (Id.).

II. **DISCUSSION**

Generally speaking, "'it is improper to file a motion for reconsideration, simply to ask the Court to rethink what the Court had already thought through-rightly or wrongly.'" Frankum v. Boston Sci. Corp., No. 1:15-CV-91-MOC, 2015 WL 3514327, at *1-2 (W.D.N.C. June 4, 2015) (quoting N. Carolina ex rel. Cooper v. Tenn. Valley Auth., No. 1:06CV20, 2008 WL 2115159, at *2 (W.D.N.C. May 16, 2008)). This court has previously noted that a motion for reconsideration is appropriate only when:

> the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension ... [or] a controlling or significant change in the law or facts since the submission of the issue to the Court [has occurred].

N. Carolina ex rel. Cooper, 2008 WL 2115159, at *2 (quoting Wiseman v. First Citizens Bank & Trust Co., 215 F.R.D. 507, 509 (W.D.N.C. 2003). "Such problems rarely arise and the motion to reconsider should be equally rare." Id.; see also Tucker v. United States, No. 2:09CR182, 2016 WL 9211728, at *1 (E.D. Va. July 26, 2016).

Here, the defendant fails to provide any reason for this Court to revisit and reconsider its decision in denying his motions for acquittal and for a new trial. With respect to the defendant's motion to sever, the parties have briefed and/or argued this issue on numerous occasions, including before, during, and after trial. (Doc. Nos. 282, 283, 307, 308, 351, 359). The Court has already considered and rejected all of the defendant's severance arguments, including in a lengthy opinion and order. See (Doc. No. 284). The defendant's reconsideration motion does not claim that the Court misunderstood or misapprehended his motion, and he does not point to any controlling or significant changes in fact or law. Instead, the defendant improperly insists that the Court should reconsider what it had already thought through.

With respect to the defendant's claims regarding the Court's jury instructions and the agreed-on stipulations, he does not argue that the Court misunderstood his prior arguments or that there was any controlling or significant change in fact or law. Therefore, to the extent that the Court already considered and rejected these arguments, the defendant does not provide a sufficient basis for reconsideration.

The Court has considered all of the arguments presented by the Government in its combined response to the defendant's Rule 29(c) and Rule 33 motions, which specifically addresses the three issues that are the subject of the defendant's reconsideration motion, and the Court finds, again, that the defendant's motions for acquittal and for a new trial were properly denied for the reasons stated in the Government's memorandum. (Doc. No. 359 at 23-24, 28-29, and 30-32). Here, the only new argument that the defendant makes in his reconsideration motion is that these three purported errors had a cumulative effect sufficient to constitute a miscarriage of justice and warrant a new trial. (Doc. No. 363 at 7). The Court finds that, even if the Court's rulings were erroneous, which they were not, these rulings did not have a prejudicial effect,

cumulatively or otherwise.

That is, the defendant has not shown that he was prejudiced by the Court's decision to reopen the evidence to admit the Government's stipulations. As the Government notes, the defendant had agreed to, and his counsel had signed, the stipulations at issue before the start of trial. The defendant also cannot show that he was prejudiced by the Court's decision denying his motion to sever because the defendant's counsel was free to argue at trial – and, in fact, did argue – that the defendant's co-defendant misled him. The defendant also cannot show that he was prejudiced by the Court's Pinkerton jury instruction. Indeed, the defendant "concedes" that his objection "may be moot" because the jury did not follow that instruction and, as a result, actually acquitted the defendant on certain counts. (Doc. No. 363 at 4 n.2). The defendant also cannot show that he was prejudiced by the jury instruction regarding "natural and probable consequences." The defendant acknowledges that the instruction specifically disclaimed that the jurors were permitted, but "not required" to draw such an inference. The defendant also fails to proffer any explanation as to how the jury instruction regarding motive could have been prejudicial.

The defendant requests leave to submit a reply in further support of the motions that the Court already denied. The Court denies the request, as the defendant had not set forth a basis for the Court to reconsider its decision. As the Court has already discussed, even if the Court overlooked one or more of the defendant's legal arguments, the parties have already submitted extensive briefing on all of these issues and the defendant has not articulated an actual reason as to why he should be permitted to submit another brief.

Finally, the Court reminds the defendant that he is not without a remedy. Indeed, the issues raised in his motion for reconsideration may certainly be raised in an appeal to the Fourth

Circuit Court of Appeals once he has been sentenced and his judgment becomes final. If this Court has wrongly decided any issues that the defendant raises here, the defendant may rest assured that the Fourth Circuit will correct this Court's mistakes.

### III.    CONCLUSION

In sum, for the reasons stated herein, the defendant's Motion for Consideration, (Doc. No. 363), is **DENIED**.

Signed: April 9, 2019

Max O. Cogburn Jr
United States District Judge