**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-4110

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

MICHAEL ALLEN DUKE, a/k/a Mike West,

    Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Max O. Cogburn, Jr., District Judge. (3:16-cr-00221-MOC-DCK-7)

Submitted: January 25, 2021            Decided: March 16, 2021

Before KEENAN, THACKER, and HARRIS, Circuit Judges.

Affirmed in part and vacated and remanded in part by unpublished per curiam opinion.

Michael Allen Duke, Appellant Pro Se. Angela Macdonald Miller, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Michael Allen Duke of conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. §§ 1349, 2326(2)(A), (B); three counts of mail fraud, and aiding and abetting such conduct, in violation of 18 U.S.C. §§ 1341, 2; wire fraud, and aiding and abetting such conduct, in violation of 18 U.S.C. §§ 1343, 2; and money laundering, and aiding and abetting such conduct, in violation of 18 U.S.C. §§ 1957(a), 2. He was sentenced to 70 months' imprisonment. On appeal, Duke challenges the sufficiency of the evidence and the procedural and substantive reasonableness of his sentence. While we affirm his convictions, we vacate the sentence and remand for resentencing.

We review the denial of a motion for judgment of acquittal de novo. *United States v. Zelaya*, 908 F.3d 920, 925 (4th Cir. 2018). When a defendant challenges the sufficiency of the evidence to support a jury verdict, we view the evidence in the light most favorable to the government and will sustain the verdict if it is supported by substantial evidence. *United States v. Savage*, 885 F.3d 212, 219 (4th Cir. 2018). "Substantial evidence is evidence sufficient for a reasonable jury to find proof beyond a reasonable doubt of each element of the charged offense. In evaluating the sufficiency of evidence, we don't consider the credibility of witnesses." *Zelaya*, 908 F.3d at 925-26 (brackets, citation, and internal quotation marks omitted).

A conspiracy to commit mail or wire fraud under 18 U.S.C. § 1349 "requires a jury to find that (1) two or more persons agreed to commit [the] fraud and (2) the defendant willfully joined the conspiracy with the intent to further its unlawful purpose." *United States v. Burfoot*, 899 F.3d 326, 335 (4th Cir. 2018) (wire fraud); *see also United States v.*

*Landersman*, 886 F.3d 393, 406-07 (4th Cir. 2018) (mail fraud). The defendant must take "some action indicating his participation." *Landersman*, 886 F.3d at 406 (internal quotation marks omitted). The elements of a conspiracy offense "can be shown by circumstantial evidence such as [the defendant's] relationship with other members of the conspiracy, the length of this association, [the defendant's] attitude, conduct, and the nature of the conspiracy." *Id*. (internal quotation marks omitted). A defendant may join the conspiracy "without full knowledge of all of the conspiracy's details, but if he joins the conspiracy with an understanding of the unlawful nature thereof and willfully joins in the plan on one occasion, it is sufficient to convict him of conspiracy." *United States v. Burgos,* 94 F.3d 849, 858 (4th Cir. 1996) (en banc) (brackets and internal quotation marks omitted).

"Mail fraud under 18 U.S.C. § 1341 and wire fraud under 18 U.S.C. § 1343 have two essential elements: (1) the existence of a scheme to defraud and (2) the use of the mails or wire communication in furtherance of the scheme." *United States v. Curry*, 461 F.3d 452, 457 (4th Cir. 2006). "[I]t is not necessary for the defendant to be directly or personally involved in the wire communication as long as that communication was reasonably foreseeable in the execution or the carrying out of the alleged scheme to defraud in which the defendant is accused of participating. Whether the use of wire transmissions can be reasonably foreseen is determined under an objective standard." *United States v. Taylor*, 942 F.3d 205, 214 (4th Cir. 2019) (citation and internal quotation marks omitted). The essential elements of the offense of money laundering under § 1957(a) are: (1) engaging in or attempting to engage in a financial transaction; (2) with money or property that the

defendant knows involved proceeds from an unlawful activity. *United States v. Najjar*, 300 F.3d 466, 481 (4th Cir. 2002).

We conclude that substantial evidence showed that Duke willfully joined a conspiracy to promote a sham corporation for the purpose of defrauding victims. Duke joined with other coconspirators to create false and misleading sales pitches, corporate documents, and press releases with the intent to persuade targeted victims to invest in their sham corporation. The evidence clearly showed that the duped investors used the mail to tender their investments and that Duke was wired his share of the ill-gotten proceeds from the corporation's account into his account. Accordingly, we affirm Duke's convictions.

We conclude, however, that Duke's sentence was procedurally unreasonable. *See United States v. Gutierrez*, 963 F.3d 320, 341 (4th Cir. 2020) ("[T]his Court first must ensure that the sentences are procedurally sound and, if they are, then must consider whether they are substantively reasonable."). At sentencing, the district court sustained Duke's objection to the 4-level enhancement, imposed under U.S. Sentencing Guidelines Manual ("USSG") § 3B1.1(a) (2018), for his role in the offense. The court reduced Duke's total offense level for the fraud offenses to 29. On advice from the probation officer, the court found that the total offense level for the money laundering conviction, 33, determined Duke's Guidelines range. However, the total offense level for the money laundering conviction had been determined by reference to the total offense level for the fraud offenses. *See* USSG § 3D1.3(b). The adjusted offense level for Duke's money laundering conviction was 30 and, after the court removed the adjustment for Duke's role in the offense, this became the highest offense level applicable to the group. Thus, the court

4

should have used offense level 30 to determine Duke's Guidelines range. Originally, the court applied a downward variance to Duke's offense level. There is no indication what sentence may have been imposed had it started with the lower offense level. The Government concedes that this miscalculation was plain error that affected Duke's substantial rights. We further conclude that the failure to correct this error will "seriously affect[] the fairness, integrity [and] public reputation of judicial proceedings." *United States v. Lester*, 985 F.3d 377, 387 (4th Cir. 2021) (stating standard for plain error review) (internal quotation marks omitted).

Accordingly, we affirm Duke's convictions, but vacate Duke's sentence and remand for resentencing under the appropriate Guidelines range consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED AND REMANDED IN PART*
